NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MUHSIN SHARIF,

   Plaintiff - Appellant,

 v.

ALEC SWINDLING; et al.,

   Defendants - Appellees.

No. 24-3153

D.C. No.
6:22-cv-01522-MK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann Aiken, District Judge, Presiding

Submitted February 6, 2025[**]
Phoenix, Arizona

Before: HAWKINS, BYBEE, and BADE, Circuit Judges.

 Plaintiff-Appellant, Muhsin Sharif, appeals the district court's grant of summary judgment to Defendant-Appellee, Officer Alec Swindling. We have jurisdiction under 28 U.S.C. § 1291. We review grants of summary judgment de novo. *See Donell v. Kowell*, 533 F.3d 762, 769 (9th Cir. 2008). We may affirm on

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

any basis supported by the record, even if the district court did not rely on it. *See Johnson v. Barr*, 79 F.4th 996, 1003 (9th Cir. 2023). For the following reasons, we affirm the judgment of the district court.

When an officer uses force, the question "is whether the force used was reasonable in light of *all* the relevant circumstances." *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005) (quoting *Hammer v. Gross*, 932 F.2d 842, 846 (9th Cir. 1991) (en banc)). "We must balance "'the nature and quality of the intrusion on the individual's Fourth Amendment interests" against the countervailing governmental interests at stake.'" *Bryan v. MacPherson*, 630 F.3d 805, 823 (9th Cir. 2010) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). To guide this inquiry, we consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396.

An officer's use of a Taser in dart-mode "constitute[s] an intermediate, significant level of force." *Bryan*, 630 F.3d at 826. But under the *Graham* factors, Officer Swindling's brief Taser use was justified under the circumstances. First, Sharif had assaulted his daughter's mother; stolen a kitchen knife, which he claimed he would use to take his own life if she called law enforcement; fled from police; ran toward an officer with the knife prompting the use of lethal force; and did not

2

drop the knife once on the ground. Thus, he was engaged in a violent, severe criminal spree.

Second, after being shot, Sharif remained conscious with a knife in his hand. Although he contended that he could not move, the video evidence "blatantly contradict[s]" that contention, *Scott v. Harris*, 550 U.S. 372, 380 (2007). The video evidence shows that Sharif largely retained control of his body. After being shot, he moved his legs and the arm in which he was holding the knife, and it appeared that he could lift himself from the ground enough to remain threatening. As such, even assuming that he could not in fact drop the knife, a reasonable officer would have viewed him as an immediate threat to anyone who might approach to arrest him or provide him with medical care.

Third, assuming Sharif could not actually release the knife, a reasonable officer in Swindling's shoes would have believed that Plaintiff was resisting arrest. The officers had probable cause to arrest Sharif for multiple violent crimes and for evading arrest itself. Based on Sharif's movements on the ground and his failure to drop the knife after several commands, it was reasonable to believe that he was still attempting to resist arrest and may have resisted violently if approached.

Sharif attempts to create a factual dispute as to whether he needed immediate medical attention, and he argues that Officer Swindling should have warned him that he would deploy a Taser. But the video evidence shows that Sharif had been shot

3

twice, and several officers repeatedly commanded Sharif to drop the knife, in part because they wanted to "render aid."  Officer Swindling thus had a reasonable interest in disarming Sharif quickly, and using a Taser to do so at a safe distance from the knife—even without explicit warning—was objectively reasonable.  *Cf. Deorle v. Rutherford*, 272 F.3d 1272, 1284 (9th Cir. 2001) (concluding that an officer's failure to warn before using less than deadly force is just one "factor to be considered in applying the *Graham* balancing test").

In sum, weighing the intrusion on Sharif's rights caused by the Taser against the governmental interests at stake—ensuring officer and public safety, arresting a domestic violence and police-assault suspect, and treating Sharif's wounds—Officer Swindling's use of force was objectively reasonable.  Therefore, we affirm the judgment of the district court.

**AFFIRMED.**